UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOSHUA SARTIN

      Plaintiff,

v.

EXXON MOBIL CORPORATION

      Defendant.

CIVIL ACTION NO.

## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff Joshua Sartin, by and through undersigned counsel, to file this Complaint against Defendant, Exxon Mobil Corporation ("Exxon"), asserting claims arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq*. (Title VII), and respectfully states the following:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff **Joshua Sartin** is a citizen of Louisiana and has been a resident of Livingston Parish, Louisiana, in the Middle District of Louisiana, since 2009. At all relevant times during this suit, Plaintiff worked in East Baton Rouge Parish in the Middle District of Louisiana, and lived in East Baton Rouge Parish or Livingston Parish, both in the Middle District of Louisiana.

2. Defendant **Exxon Mobil Corporation** ("Exxon") is a multinational oil and gas corporation headquartered in Spring, Texas, authorized to and doing business in East Baton Rouge Parish, Louisiana, and is the owner of the Exxon Mobil Baton Rouge Plastics Plant in East Baton Rouge Parish, Louisiana, at which Mr. Sartin worked from 2005 until his termination in 2021.

3. During the relevant time period at issue herein, Mr. Sartin was an "employee" of

Exxon as defined by Title VII, 42 U.S.C. 2000e(f), *et. seq*.

4. Exxon is an "employer" as defined by Title VII, 42 U.S.C. § 2000e(b).

5. This Court has personal jurisdiction over Plaintiff and specific personal jurisdiction over Defendant, as Defendant, Plaintiff's former employer and the owner of the Exxon Baton Rouge Plastics Plant, engages in a substantial, continuous, and systematic course of business in Louisiana and Plaintiff's claim arises out of Defendant's contacts with the forum State.

6. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, in that the claims arise under the laws of the United States. Specifically, Mr. Sartin brings this action under Title VII, as amended, 42 U.S.C. 2000e *et. seq*. This Court has supplemental jurisdiction over Mr. Sartin's claims arising from state law in accordance with 28 U.S.C. § 1367.

7. The venue is proper in the Middle District of Louisiana under 28 U.S.C. § 1391(b)(2) in that Defendant conducts business activities in the Middle District of Louisiana and a substantial part of the events giving rise to the claim occurred in the Middle District of Louisiana.

8. Plaintiff has exhausted all administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 10, 2021. Plaintiff received his notice of right to sue from the EEOC on July 21, 2022. This suit is timely filed within ninety days of Mr. Sartin's receipt of the notice of right to sue.

## FACTS

9. Mr. Sartin incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

10. Mr. Sartin began working as a process operator for Exxon at its Baton Rouge Plastics Plant on or around August 1, 2005.

11. At the beginning of his employment with Exxon, Mr. Sartin earned approximately

$16 per hour.

12. He received regular pay increases throughout his employment.

13. At the time of Mr. Sartin's termination by Exxon, he was earning $48.11 per hour and $82.27 for overtime hours.

14. Mr. Sartin's typical schedule was to work two twelve hour shifts one week, followed by five twelve hour shifts the following week, plus overtime.

15. Mr. Sartin was selected for and, for approximately three years prior to his termination, participated in, Exxon's "Step Up" program, in which certain hourly-wage employees with strong work performance and leadership potential were groomed to "step up" into supervisory roles with the company.

16. Exxon has an employment handbook, entitled "Standards of Business Conduct", which can be viewed online at https://corporate.exxonmobil.com/-/media/Global/Files/who-we-are/Standards-of-Business-Conduct_apr.pdf.

17. Exxon's "Standards of Business Conduct" contains a harassment policy.

18. Exxon's harassment policy defines harassment as including unwelcome sexual materials, and provides that all employees will be subject to discipline, up to and including termination, for any act of harassment:

> Harassment will not be tolerated. Forms of harassment include, but are not limited to, unwelcome verbal or physical advances and sexually, racially, or otherwise derogatory or discriminatory materials, statements, or remarks. All employees, including supervisors and managers, will be subject to disciplinary action up to and including termination for any act of harassment.

19. Exxon's harassment policy states that employees who are subjected to harassment should "immediately" report the harassment, and provides that the complaints will be promptly and thoroughly investigated:

> Individuals who believe they have been subjected to harassment should immediately report the incident to their supervisors, higher management, or their designated Human Resources Department contacts. All complaints will be promptly and thoroughly investigated.

20. Exxon's harassment policy further expressly provides that employees will not be subject to retaliation for reporting acts of harassment:

> No retaliation will be taken against any employee because he or she reports a problem concerning possible acts of harassment. Employees can raise concerns and make reports without fear of reprisal. Questions about what constitutes harassing behavior should be directed to the employee's supervisor or Human Resources Department contact.

21. On December 22, 2020, at 6:23 a.m., Mr. Sartin was at work when he received a video accompanied by two text messages from his co-worker, Scott McDuffie, a process operator.

22. The video appeared to depict a man, presumably Mr. McDuffie, lying naked in a bed and filming himself with his phone from the waist down, masturbating for a full 60 seconds.

23. Mr. McDuffie's face did not appear in the video; the focus of the video was squarely on the genitals.

24. The text messages that accompanied the video read as follows: "called no homo before send u random dic pic." and "not my random btw. i get spunky and look for our coworkers on a gay [d]ay. sometimes i strike cold [grinning face emoji]".

25. Mr. Sartin reported the harassment on December 22, the same day that he received the lewd video and text messages.

26. Mr. Sartin initially reported the harassment to his first line supervisor, Joey Guidroz, who then reported it to Justin Williamson, the plant manager.

27. Mr. Williamson in turn contacted Mr. Sartin that afternoon or evening and asked

4

Mr. Sartin to forward him the video, which Mr. Sartin did.

28. Mr. Sartin, who had previously scheduled time off for the holidays, was off of work December 23 through December 29, and returned to work on December 30.

29. On or around December 30, a coworker named Mike Fournette told Mr. Sartin that Mr. McDuffie knew that Mr. Sartin had reported receiving the December 22 video and accompanying text messages to management/HR, and that Mr. McDuffie had told another coworker, Steven Dikes, that "he [McDuffie] was gonna go down swinging" and was going to do everything that he could to take Mr. Sartin down with him.

30. Although Mr. Sartin reported receiving the lewd and harassing video and text messages on December 22, the day that Mr. McDuffie sent them, Exxon did not commence its investigation into his harassment complaint until January 11, 2021, twenty days after the harassment occurred and Mr. Sartin complained.

31. Upon information and belief, Exxon interviewed both Mr. Sartin and Mr. McDuffie twice in connection with its investigation of Mr. Sartin's harassment complaint against Mr. McDuffie.

32. Mr. Sartin was interviewed on January 11, 2021 and again on January 15, 2021.

33. After the second interview, Mr. Sartin remained on leave from work and did not hear anything from Exxon for approximately twelve days regarding the status of its investigation or when he might return to work.

34. On January 27, 2021, Justin Williamson, the plant manager, informed Mr. Sartin that he was terminated effective immediately.

35. Upon information and belief, Mr. Sartin would not have been terminated by Exxon but for his reporting of sexual harassment in accordance with company policy.

36. Upon information and belief, Mr. Sartin was terminated in retaliation for his reporting of sexual harassment in accordance with company policy.

37. Upon information and belief, Mr. McDuffie harbored retaliatory animus against Mr. Sartin for reporting Mr. McDuffie pursuant to Exxon's harassment policy.

38. Upon information and belief, Mr. McDuffie, motivated by an intent to retaliate against Mr. Sartin, took actions during the investigation into Mr. Sartin's complaint and/or during McDuffie's interview or interviews to influence Exxon's decisionmakers to ultimately terminate Mr. Sartin.

39. Upon information and belief, statements made and actions taken by Mr. McDuffie were intended to alter the course of the investigation and to ultimately cause Mr. Sartin to suffer an adverse employment action—namely, termination.

40. Mr. McDuffie's retaliatory statements and actions made with the intent of causing Mr. Sartin to suffer an adverse employment action in retaliation for engaging in protected activity were a but-for cause of Mr. Sartin's termination.

## CLAIM FOR RELIEF

**Retaliation in Violation of 42 U.S.C. § 2000e, *et. seq.* (Title VII)**

41. Plaintiff hereby incorporates by reference all preceding paragraphs of this Complaint.

42. Mr. Sartin engaged in protected activity by, *inter alia,* making a complaint of sexual harassment to his supervisor and subsequently participating in the investigation of that complaint pursuant to Defendant's sexual harassment policy.

43. Defendant retaliated against Mr. Sartin in violation of Title VII by terminating Mr. Sartin's employment because he engaged in protected activity.

44. A causal link exists between Mr. Sartin's protected activity and his unlawful termination. Indeed, his termination occurred shortly after his December 22, 2020 complaint regarding the sexual harassment, and would not have occurred but for Mr. Sartin engaging in protected activity by making an internal complaint of sexual harassment pursuant to Defendant's sexual harassment policy.

45. As a result of Defendant's unlawful actions, Mr. Sartin has suffered monetary damages, including but not limited to lost past and future wages and other forms of compensation.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury.

## RELIEF REQUESTED

WHEREFORE Plaintiff requests judgment be entered against Defendant and that the Court grant the following:

i. Declaratory relief;

ii. Judgment against Defendant for Plaintiff's asserted causes of action;

iii. All wages and other economic benefits lost as a result of Defendant's unlawful actions, including but not limited to back pay, front pay, and loss of employment benefits;

iv. Award of compensatory damages, including but not limited to damages for emotional distress, mental anguish, and pain and suffering;

v. Award of punitive damages;

vi. Award of special damages;

vii. Award of costs and attorney's fees;

viii. Pre-judgment and post-judgment interest; and

ix. Order such other and further relief, at law or in equity, to which Plaintiff may be justly

entitled.

Dated: August 30, 2022.

                                                                Respectfully submitted,

                                                                */s/ Kerry A. Murphy*
                                            Kerry A. Murphy, T.A. (La. Bar No. 31382)
                                            Laura E. Avery (La. Bar No. 35636)
                                            KERRY MURPHY LAW LLC
                                            201 St. Charles Ave., Suite 250
                                            New Orleans, LA 70170
                                            Telephone: (504) 603-1502
                                            Facsimile: (504) 603-1503
                                            Email: kmurphy@kerrymurphylaw.com
                                                        lavery@kerrymurphylaw.com

                                            ***Attorneys for Plaintiff***