# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

JOSHUA SARTIN                                      CIVIL ACTION

VERSUS                                             NO. 22-603-JWD-RLB

EXXON MOBIL CORPORATION

## ORDER

Before the Court is Defendant's Motion for Reconsideration, in Part, of Magistrate Judge

Order (R. Doc. 47) ("Motion for Reconsideration"). (R. Doc. 49). The motion is opposed. (R.

Doc. 51). Defendant filed a reply. (R. Doc. 56).

The Court held oral argument on the Motion for Reconsideration. (R. Doc. 57). Having

considered the written and oral arguments of the parties, the Court will **DENY** Defendant's

Motion for Reconsideration for the reasons stated below.

## I.    Background

Joshua Sartin ("Plaintiff") brings this employment action against Exxon Mobil

Corporation ("Defendant"), alleging that he was improperly terminated in retaliation for the

reporting sexual harassment in violation of Title VII of the Civil Rights Act of 1964. (R. Doc. 1).

Plaintiff filed a Motion to Quash Employer Subpoenas, which sought an order quashing

subpoenas directed to his subsequent employers: Olin Corporation ("Olin") (Plaintiff's employer

from November 29, 2021 to March 26, 2023) and Shell Chemical LP ("Shell") (Plaintiff's

current employer since April 2023) (collectively, the "Employer Subpoenas"). (R. Doc. 24-1 at

5). Plaintiff sought to quash these Employer Subpoenas prior to their service pursuant to Rules

26 and 45 of the Federal Rules of Civil Procedure. (R. Doc. 24).

Plaintiff made three arguments in support of his Motion to Quash the Employer

Subpoenas. First, Plaintiff argued that the "information sought with respect to Plaintiff's

compensation and benefits at his employers subsequent to Defendant" can be obtained through less intrusive means because "he already produced much of the information sought" and Defendant has propounded discovery "seeking much of the same information." (R. Doc. 24 at 1). Next, Plaintiff argued that the information sought from Shell, his current employer, "could have a tangible, direct, negative effect on Plaintiff's current employment and subjects Plaintiff to harassment." (R. Doc. 24-1 at 1). Third, Plaintiff argued that "Plaintiff's privacy interest in" his personnel records, performance reviews and disciplinary records "outweighs any likely benefit to Defendant for purposes of impeaching his credibility." (R. Doc. 24-1 at 11).

In opposition, Defendant argued, among other things, that Plaintiff "failed to establish good cause for quashing the subpoenas and/or a protective order" because Plaintiff failed to "making a particular and specific demonstration of" the need for protection. (R. Doc. 30 at 9). With respect to "performance records, disciplinary records, or performance evaluations that have resulted in changes or otherwise affected Plaintiff's pay, benefits, or other compensation," Defendant argued that it narrowly tailored its request to performance records that bear on "its mitigation defense and back pay and front pay damages calculate." (R. Doc. 30 at 13). In so arguing, Defendant stated that "an operator's performance and/or ability to qualify on their assigned units/equipment can contribute to and/or impact the operator's pay progression, a reality that reinforces the relevancy of [Defendant's] request for certain performance and discipline documents." (R. Doc. 30 at 12).

Defendant further disputed that Plaintiff had already produced much of the requested information. Particularly, Defendant stated that there "may be additional information, benefits documents, and records related to compensation, retirement, and other benefits to which

[Plaintiff] does not have access, but which will be relevant in evaluating [Plaintiff's] economic damages claim." (R. Doc. 30 at 13).

In reply, Plaintiff asserted that Defendant's argument that her performance and disciplinary records are relevant because his "performance and/or ability to qualify on [his] assigned units/equipment can contribute to and/or impact [his] pay progression," is merely a "fishing expedition" that Defendant hopes "could possibly have some bearing on compensation." (R. Doc. 41 at 4). Next, Plaintiff argued that he has already produced his job applications and documents pertaining to his efforts to obtain employment with Olin/Shell. Therefore, "Defendant should not be permitted to seek them through more intrusive means of subpoenas to Plaintiff's current and previous employer." (R. Doc. 41 at 4).

On July 27, 2023, the Court issued an Order quashing the Employer Subpoenas. (R. Doc. 47) ("Order" or "July 27, 2023 Order").[1] The Order discussed the parties' attempts to meet and confer (including after the filing of the motion to quash), concluding that it was appropriate to consider the merit of the motion to avoid further inefficiencies. (R. Doc. 47 at 6-9).[2] The Order also concluded that Plaintiff had standing to seek relief pertaining to the subpoenas. (R. Doc. 47 at 9-10). Defendant does not seek reconsideration of this issues.

Instead, Defendant argues that, upon reconsideration, Plaintiff's Motion to Quash Employer Subpoenas should be denied because: (1) the Order is based on findings of fact that are

---

[1] The Order also quashed, in part, certain subpoenas seeking information from healthcare providers. Defendant does not seek reconsideration of that portion of the Order pertaining to these medical subpoenas.

[2] The Order specifically notes that the parties continued to meet and confer with respect to modifications of the subpoena, which resulted in Plaintiff sending certain redlines to Defendant on May 24, 2023, and Defendant responding with some agreements and objections to those redlines on May 25, 2023. (*See* R. Doc. 47 at 8 n.3). After oral argument on the instant Motion for Reconsideration, defense counsel provided the undersigned with copies of those post-motion attempts to reach agreement on the language of the subpoena. The Court has reviewed the parties' ongoing attempts to agree upon modification of the subpoena. The Court nevertheless concludes that the pertinent version of the subpoena to be considered for reconsideration is the one already considered in the original Order. The Court will not modify its original ruling based on the ongoing discussions between counsel regarding potential modification of the Employer Subpoenas, which were ultimately quashed.

inconsistent with the representations made in this case; (2) the Order is inconsistent with the reasoning in *Hardnett v. Louisiana Health Service and Indemnity Co.*, No. 20-132, 2021 WL 278299 (M.D. La. Jan. 17, 2021); (3) Plaintiff has provided no confirmation or guarantee regarding the completeness of the records produced; and (4) the Order sets a bad precedent for employers attempting to defend against lost wage claims. (R. Doc. 49).

Plaintiff opposes the Motion for Reconsideration largely on the basis that Defendant "improperly rehashes arguments" previously made in opposition to the Motion to Quash, and otherwise has provided no basis for reconsideration of the Order under Rule 54(b) of the Federal Rules of Civil Procedure. (R. Doc. 51).

## II.    Law and Analysis

### A.    Legal Standards

"[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration." *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). Nevertheless, the Fifth Circuit has "consistently recognized that such a motion may challenge a judgment or order under the Federal Rules of Civil Procedure 54(b) [or] 59(e)." *Burkette v. E. Feliciana Par. Sheriff*, No. 18-996, 2022 WL 16758256, at *2 (M.D. La. Nov. 8, 2022) (citations omitted). Where, as here the motion for reconsideration concerns an interlocutory ruling on a discovery motion, the appropriate standard to apply is found in Rule 54(b). *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017); *see Burkette*, 2022 WL 16758256, at *2 (applying Rule 54(b) standard to motion for reconsideration of ruling granting a motion to quash); *Cook v. Flight Servs. & Sys., Inc.*, No. CV 16-15759, 2019 WL 2067640, at *1 (E.D. La. May 10, 2019) (Rule 54(b) standard applies to reconsideration of interlocutory discovery order).

4

In pertinent part, Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Unlike with a Motion to Alter or Amend a Judgment brought under Rule 59(e), a court considering the Rule 54(b) standard "is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin*, 864 F.3d at 336 (citations omitted). While Rule 54(b) affords broad discretion to the court to reconsider and reverse interlocutory orders, this "broad discretion must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *Burkette*, 2022 WL 16758256, at *2 (quoting *Carroll v. SGS Auto. Servs., Inc.,* No. 16-537, 2021 WL 2550278, at *2 (M.D. La. June 22, 2021)).

"Motions for reconsideration are 'extraordinary remed[ies] and should be used sparingly in the interest of finality and conversation of judicial resources.'" *Dixon v. D.R. Horton, Inc. - Gulf Coast*, No. 22-01005, 2023 WL 2486587, at *2 (M.D. La. Feb. 24, 2023) (quoting *Adams v. United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus. of the United States & Canada, AFL-CIO, Loc. 198*, 495 F. Supp. 3d 392, 396 (M.D. La. 2020)). "To the point, a motion for reconsideration is generally *not* the vehicle for raising arguments that could have been raised before the entry of the challenged order." *Dixon*, 2023 WL 2486587, at *2 (citing *Adams*, 495 F. Supp. 3d at 396; *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)).

**B.    Analysis**

Having considered the written and oral arguments of the parties, the Court finds no basis to reconsider (or otherwise modify or vacate) the July 27, 2023 Order as it pertains to the Employer Subpoenas. Defendant's arguments in support of reconsideration largely restate the arguments raised in opposing the motion to quash, or otherwise raise various policy arguments that could have been raised in opposing that motion to quash. The additional arguments raised by Defendant do not convince the Court that the Order was the result of any legal error or abuse of discretion.

The Order specifically concluded that "there is no dispute that documents pertaining to Plaintiff's compensation and benefits are relevant" under Rule 26(b)(1). (R. Doc. 47 at 15). In the Order, the Court concluded to quash the Employer Subpoena given that the discovery could be obtained from less intrusive means (namely from Plaintiff) and that any additional discovery regarding compensation and benefits outside of what Plaintiff could (and agreed to) provide was speculative by nature, supporting a finding that such discovery is not proportionate to the needs of the case as set forth in the considerations of Rule 26(b)(1). (*See* R. Doc. 47 at 15-18). In reaching this conclusion, the Court found that (1) Plaintiff has already produced an extensive amount of documents pertinent to his compensation and benefits in response to written requests for production; (2) there were no clear deficiencies in Plaintiff's productions; (3) Plaintiff is willing to provide supplemental responses and documents as additional information becomes available; and (4) discovery directed at Shell, Plaintiff's current employer, could be a tool for harassment and have a direct negative effect on his current employment. (*See* R. Doc. 47 at 16-19).

Defendant's first and third arguments in support of reconsideration are restatements of earlier arguments raised in opposition to the Motion to Quash. Defendant argues that the findings in the Order are insufficient to support a ruling quashing the Employer Subpoenas. Defendant argues that the Order provides "no guarantee the records [Plaintiff] has produced or will produce are complete and/or encompass all documents [Defendant] could have received directly from the [Olin and Shell], and the Order restricts [Defendant] from obtaining and ensuing complete records related to its defenses to [Plaintiff's] claim for damages." (R. Doc. 49-1 at 5). As an extension of this position, Defendant argues that (notwithstanding Plaintiff's subsequent pay stub productions), Plaintiff has not "provided any confirmation or guarantee that he has produced, and/or is in possession, custody, or control of, all relevant documents that could have been obtained through subpoenas" to his subsequent employers, Olin and Shell. (R. Doc. 49-1 at 7-9). In opposing the motion to quash, Defendant raised similar arguments regarding the potential incompleteness of information it would obtain if the Employer Subpoenas were quashed. (*See* R. Doc. 30 at 13) ("[T]here may be additional information, benefits documents, and records related to compensation, retirement, and other benefits to which [Plaintiff] does not have access, but which will be relevant in evaluating [Plaintiff's] economic damages claim.").

The foregoing re-packaged arguments do not merit reconsideration of the July 27, 2023 Order. That Order specifically concluded that allowing Defendant to serve the subpoenas on Plaintiff's subsequent employers was disproportionate to the needs of the case, under Rule 26(b)(1), in light of the discovery produced (and agreed to be produced) by Plaintiff with respect to his regarding compensation and benefits. It would be impossible for Plaintiff certify or stipulate, as requested by Defendant, that he has produced "complete records" that would be in the possession, custody, or control of his subsequent employers. As oral argument, defense

counsel acknowledged that, in actuality, the only acceptable scenario for Defendant would be to allow it to subpoena Plaintiff's current employer because the individual employee would not have access to (speculative) that could possibly be relevant to its defense. But the scope of discovery allowed under Rule 26(b)(1), as further limited by Rule 26(b)(2)(C), does not encompass all possibly relevant information obtainable from every source. Considering the relatively short periods of time that Plaintiff was employed with Olin and Shell, the Court made the reasoned decision that the potential benefits of <u>additional</u> discovery directed at those subsequent employers to obtain compensation and benefits information and documents not directly produced by Plaintiff were outweighed by the burden of production and prejudice to Plaintiff. *See* Fed. R. Civ. P. 26(b)(1), 26(b)(2)(C). In short, the Court concluded that the information obtained from Plaintiff was sufficient.[3]

To the extent Defendant is raising arguments regarding the accuracy or authenticity of the documents produced by Plaintiff, the Court has already informed the parties that stipulations regarding authenticity would be appropriate to avoid dispute prior to trial, and that the trial judge could consider whether a subpoena directed to a third-party custodian of records custodian of records for the purposes of authenticating documents would be appropriate at the time of trial. (R. Doc. 47 at 17 n.4).

Defendant also argues that the Court's decision to quash the subpoena is inconsistent with an earlier decision by the Court: *Hardnett v. Louisiana Health Service and Indemnity Co*., No. 20-132, 2021 WL 278299 (M.D. La. Jan. 27, 2021) (in employment discrimination action,

---

[3] It is worth noting that Defendant did not file any motion to compel with respect to Plaintiff's own production of documents in response to discovery requests. Accordingly, the record supports a finding that Plaintiff did not withhold any information within his possession, custody, or control that was sought by Defendant. Again, the Court concluded that this information produced by Plaintiff was sufficient with respect to compensation and benefits and, accordingly, quashed the Employer Subpoenas.

allowing defendant to seek payroll, benefits, and retirement records from the plaintiff's current employer, but quashing subpoena to the extent it sought personnel records, performance reviews, and disciplinary records). The parties raised the *Hardnett* decision in their briefing on the motion to quash. Notably, Defendant asked the Court to distinguish *Hardnett* because it was relied upon by Plaintiff.  (*See* R. Doc. 30 at 11). Defendant now asks the Court to rely on *Hardnett* to reverse the decision to quash the Employer Subpoenas. To be clear, while *Hardnett* is not referenced in the Order, the Court considered that decision in light of the parties' briefing on the motion to quash. The *Hardnett* decision is distinguishable on the issue of whether to quash a subpoena seeking payroll, benefits, and retirement records from a subsequent employer. In *Hardnett*, the subpoena at issue had already appeared to have been served on the plaintiff's subsequent employer, thus mooting any issue regarding the subsequent employer discovering the employment discrimination action involving a previous employer. *See Hardnett*, 2021 WL 278299, at *3. Here, the Employer Subpoenas have not been served on Olin and Shell. Accordingly, *Hardnett* is not controlling.

Defendant's final policy argument – that the July 27, 2023 Order "sets a bad precedent for employers attempting to defend against lost claims" – fails to appreciate the limited scope of the ruling. In this action, Plaintiff has been able to produce a wide-range of relevant compensation and benefits information for two subsequent employers for which Plaintiff has relatively short employment history. (*See* R. Doc. 47 at 16-17). Indeed, Plaintiff was first employed by his current employer, Shell, in April 2023, just weeks prior to the close of non-expert discovery on June 9, 2023. (*See* R. Doc. 29).[4] Plaintiff had the assistance of counsel in obtaining, preserving and producing all of the documentation pertaining to the hiring process and

---

[4] The Court has extended this deadline for the sole purpose of allowing Plaintiff to proceed with, and file any related motions, concerning Defendant's Rule 30(b)(6) deposition. (*See* R. Docs. 29, 44).

benefits information received from Shell. Plaintiff represents that he has produced Shell pay stubs through August 25, 2023, including other documents since briefing concluded on the motion to quash. (*See* R. Doc. 51 at 2). Given the breadth of information that the Plaintiff <u>in this action</u> was and is able to provide, the Court finds it appropriate to limit discovery with respect to subsequent employers.

Defendant has not identified any categories of employment records (not already identified prior to the Court's ruling) that have not been produced by Plaintiff. At oral argument, defense counsel again homed in on "pay progressions" and how such documents may demonstrate correlations between pay and training. The potential relevance of such documents is unclear. Plaintiff's employment with Olin has concluded. And the relevant employment period for Plaintiff at Shell (his current employer) is, at most, a little over two months. Even if minimally relevant, the Court has already concluded that discovery of additional employment compensation and benefits information such as "pay progressions" directly from the subsequent employers is disproportionate to the needs of this case. Defendant's arguments raised both in briefing and at oral argument do not merit reconsideration of that decision.

III.    **Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion for Reconsideration (R. Doc. 49) is **DENIED.** The parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on October 10, 2023.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**